O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK DIEUGENIO, | ) | Case No. EDCV 09-01152-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the | ) | |
| Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Patrick Dieugenio ("Plaintiff") seeks review of the Commissioner's final decision denying his application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. For the reasons stated below, the decision of the Social Security Commissioner is reversed and the matter is remanded for further proceedings.

I.  **Factual and Procedural Background**

Plaintiff was born on March 2, 1960. (Administrative Record ("AR") at 17). He has a high school education and relevant work experience as

1   an aerospace parts inspector. (AR at 17).

2   Plaintiff filed an application for DIB on December 11, 2006,
3   alleging that he has been disabled since February 8, 2006, due to
4   depression, anxiety, diabetes mellitus, poor hearing and poor eyesight,
5   degenerative disc disease of the cervical spine, right shoulder
6   subscapular bursitis, and chronic obstructive pulmonary disease. (AR at
7   9, 115). The Social Security Administration denied Plaintiff's
8   application at the initial and reconsideration stages of review. (AR at
9   59-63, 67-71).

10   A *de novo* hearing was held before Administrative Law Judge Michael
11   D. Radensky (the "ALJ") on October 27, 2008. (AR at 20-56). Plaintiff
12   was represented by counsel and testified in his own behalf. (AR at 23-
13   28, 31-50, 55-56). A vocational expert and a medical expert also
14   testified at the hearing. (AR at 28-30, 50-54). On March 27, 2009, the
15   ALJ issued a decision denying Plaintiff's application for DIB. (AR at 9-
16   19). The ALJ found that Plaintiff: (1) has not engaged in substantial
17   gainful activity since his alleged onset date of disability (step 1);
18   (2) suffers from the severe impairments of a history of myocardial
19   infarction; diabetes mellitus; history of vitreous detachment of the
20   right eye; degenerative disc disease of the cervical spine; subscapular
21   bursitis of the right shoulder; chronic obstructive pulmonary disease;
22   and a history of alcohol abuse (step 2); (3) does not have any
23   impairments that meet or equal a Listed impairment (step 3); (4) has the
24   residual functional capacity ("RFC") to perform a range of sedentary to
25   light work; (5) is unable to perform his past relevant work; but (6) is
26   capable of performing other work that exists in significant numbers in
27   the economy. (AR at 11-12, 17-18). The Appeals Council denied review on
28   May 14, 2009. (AR at 1-3).

Plaintiff commenced this action for judicial review on June 22, 2009. On December 22, 2009, the parties filed a Joint Stipulation. Plaintiff contends that the ALJ failed to properly consider lay witness testimony and erred by concluding that Plaintiff was capable performing other work. (Joint Stipulation at 3-4, 7-11, 15). Plaintiff seeks remand for payment of benefits or, in the alternative, remand for further administrative proceedings. (Joint Stipulation at 16). The Commissioner requests that the ALJ's decision be affirmed. (Joint Stipulation at 16-17). The Joint Stipulation has been taken under submission without oral argument.

**II.  <u>Standard of Review</u>**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If

3

the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.

## III.  DISCUSSION

### A. The ALJ's Finding That Plaintiff Retained the Ability to Perform Certain Jobs Within The National Economy Is Not Supported by Substantial Evidence

Plaintiff contends that the ALJ erred at step five of the sequential analysis. (Joint Stipulation at 7-11, 15). Plaintiff asserts that his work-related limitations to simple, repetitive tasks, and restrictions precluding over the shoulder work with the upper right extremity were inconsistent with the demands of the jobs identified by the ALJ in the decision, which included mail clerk, garment sorter, electronics worker, hand packager, small items assembler, production inspector, and sorter. Plaintiff also claims that the jobs of hand packager, small products assembler, produce sorter and inspector were inconsistent with the state agency's finding that he was precluded from working in loud environments. (Joint Stipulation at 10, 15).

In evaluating Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform a range of work at the sedentary to light exertional levels, based on three distinct time periods. (AR at 12). First, the ALJ determined that from February 2006 through January 2008, Plaintiff had the residual functional capacity to perform light work,[1] but was limited to simple, repetitive tasks in non-

---

[1]  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this

public work environments and was precluded from the following: balancing; climbing ladders, ropes or scaffolds; frequent bending, stooping, kneeling, crouching, crawling, and climbing of ramps or stairs; and exposure to extreme cold, smoke, dust above street level, heights or hazardous machinery. (AR at 12). During the second period, January 2008 through October 2008, the ALJ determined that Plaintiff was also precluded from performing work involving the following: over the shoulder level work with the upper right extremity; crawling; and vibrating tools. (AR at 12). The third period began in October 2008 after Plaintiff suffered a heart attack. (AR at 12). During that period, the ALJ found that Plaintiff's ability to stand and walk was limited to two hours in an eight-hour workday. (AR at 12).

At the hearing, the ALJ presented the vocational expert with hypothetical questions based on Plaintiff's three residual functional capacity assessments. (AR at 51-54). With respect to the first time period (February 2006 through January 2008), the vocational expert stated that a person with Plaintiff's restrictions would be able to perform unskilled (reasoning level 2) work, including the following jobs:

> - mail clerk, light (Dictionary of Occupational Titles ("DOT") 209.687-026);
>
> - garment sorter, light (DOT 222.687-014); and

category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

1    - electronics worker, light (DOT 726.687-010).

2    (AR at 51).

3    As to the second time period (January 2008 through October 2008),

4    the vocational expert testified that Plaintiff's additional limitations

5    (precluding over-the-shoulder work with the right upper extremity,

6    crawling and vibrating tools) would eliminate the garment sorter and

7    electronic worker positions, but the person would still be able to

8    perform the mail clerk position (DOT 209.687-026), as well as the

9    following jobs:

10    - hand packer, light (DOT 920.687-042); and

11    - small items assembly, sedentary, e.g., hospital

12    products, toys (DOT 739.687-086).

13    (AR at 52-53).

14    In response to the hypothetical based on the third time period

15    (October 2008 and beyond), which limited standing and walking to two

16    hours in an eight-hour workday, the vocational expert testified that the

17    small items assembly job (DOT 739.687-086) could still be performed. (AR

18    at 53). The vocational expert also identified the following two

19    positions:

20    - production inspector, sedentary, e.g., eyeglasses

21    (DOT 716.687-030); and

22    - grader and sorter, sedentary, e.g., sewing products,

23    small items (DOT 734.687-094).

24    (AR at 53).

25    The vocational expert claimed that his testimony was consistent

26    with the information contained in the DOT. (AR at 54). However, a review

27    of the DOT reveals a conflict with respect to the jobs identified by the

28    vocational expert in response to second and third hypothetical

1  questions. For example, although the vocational expert identified the
2  jobs of hand packer and small items assembly in response to the second
3  hypothetical, the DOT sections cited by the vocational expert actually
4  pertain to the jobs of bottling-line attendant, light work (DOT 920.687-
5  042) and eye-dropper assembler, sedentary work (DOT 739.687-086).
6  Similarly, the DOT citations identified by the vocational expert in
7  response to the third hypothetical do not correspond with the jobs of
8  production and grader sorter, but actually pertain to the jobs of lens-
9  block gauger, sedentary work (DOT 716.687-030) and zipper trimmer, hand
10 (DOT 734.687-094).

11      Despite the apparent conflict between the vocational expert's
12 testimony and the DOT, the ALJ based his finding that Plaintiff was
13 capable of performing other work "on the testimony of the vocational
14 expert." (AR at 18). The ALJ did not discuss the vocational expert's
15 errors in citing to the DOT. Rather, the ALJ simply identified jobs that
16 had similar titles to the ones described by the vocational expert. (AR
17 18). For example, with respect to the residual functional capacity
18 associated with the second time period, the ALJ found that Plaintiff
19 could perform the following jobs:

20          - packager, hand, light (DOT 920.587-018); and

21          - assembler, small products, light (DOT 706.684-022).
22 (AR at 18). With regard to the residual functional capacity associated
23 with the third time period, the ALJ found that Plaintiff could perform
24 work as follows:

25          - assembler, small products, light (DOT 706.684-022)

26          - inspector, light (DOT 619.381-010); and

27          - sorter, agricultural produce, light (DOT 529.687-186).
28 (AR at 18). Because the ALJ failed to address the conflict between the

7

1   vocational expert's testimony and the information contained in the DOT,

2   remand is required in this case. *See* Social Security Ruling ("SSR") 00-

3   4p (requiring an ALJ to identify, and obtain a reasonable explanation

4   for, any conflict between occupational evidence provided by a vocational

5   expert and information contained in the DOT and also to explain in his

6   decision how any conflict that has been identified was resolved).

7        Furthermore, the ALJ's finding that Plaintiff was capable of

8   performing work during the third time period is not supported by

9   substantial evidence. All three of the jobs identified by the ALJ

10   (assembler (DOT 706.684-022), inspector (DOT 619.381-010) and sorter

11   (DOT 529.687-186)) involved light work. (AR at 18). Plaintiff's

12   limitations in standing and walking, however, restricted him to a range

13   of sedentary work. *See* 20 C.F.R. § 404.1567(a) (explaining that jobs are

14   sedentary if standing and walking are required occasionally); SSR 96-9p

15   ("'Occasionally' means occurring from very little up to one-third of the

16   time, and would generally total no more than about 2 hours of an 8-hour

17   workday. Sitting would generally total about 6 hours of an 8-hour

18   workday.").

19        Although the errors in the ALJ's step five determination were

20   glaring, Plaintiff's counsel failed to assert them in the Joint

21   Stipulation. Instead, Plaintiff's counsel chose to raise claims that

22   were meritless and bordered on the frivolous. Therefore, Plaintiff's

23   counsel is advised that her advocacy skills will be considered when

24   determining the reasonableness of any application for a fee award in

25   this matter under the Equal Access to Justice Act.

26   //

27   //

28   //

**IV.   Conclusion**

In general, the choice whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the court. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (holding that the district court's decision whether to remand for further proceedings or for payment of benefits is discretionary and is subject to review for abuse of discretion). The Ninth Circuit has observed that "the decision whether to remand for further proceedings turns upon the likely utility of such proceedings." *Id*. at 1179; *see Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (noting that a remand for further administrative proceedings is appropriate "if enhancement of the record would be useful").

In this case, the vocational expert's testimony that Plaintiff could perform other work that exists in the economy conflicted with the DOT. The ALJ found Plaintiff not disabled at step five of the disability analysis based on the vocational expert's testimony. Under these circumstances, further administrative proceedings would be useful to fully develop the record.

Accordingly, the decision of the Commissioner is reversed and this action is remanded for further proceedings consistent with this Memorandum Opinion.[2]

//

---

[2]   Because the record is not sufficiently developed to support a determination of disability without further proceedings, the Court will not discuss the remaining issue raised by Plaintiff which, as noted, are of limited substance. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003) (where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate).

9

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that the decision of the Commissioner is **REVERSED,** and this action is **REMANDED** pursuant to sentence four of 42 U.S.C. 405(g) for further proceedings as discussed above.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED:   January 19, 2010

MARC L. GOLDMAN
_____
MARC L. GOLDMAN
United States Magistrate Judge